IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| SERGIO A. DAGATAN VI, | ) | CIVIL NO. 22-00422 HG-WRP |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION TO (1) |
| vs. | ) | DENY PLAINTIFF'S |
| | ) | APPLICATION TO PROCEED IN |
| CORAZON AGARPAO, ET AL., | ) | DISTRICT COURT WITHOUT |
| | ) | PREPAYING FEES OR COSTS |
| Defendants. | ) | WITHOUT PREJUDICE AND (2) |
| | ) | DISMISS COMPLAINT WITH |
| | ) | LEAVE TO AMEND |

FINDINGS AND RECOMMENDATION TO
(1) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS WIITHOUT PREJUDICE AND
(2) DISMISS COMPLAINT WITH LEAVE TO AMEND

Before the Court is Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs (Application), filed on September 26, 2022.  See ECF No. 3.  The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.1(c).

After careful consideration, the Court FINDS AND RECOMMENDS that the District Court DENY Plaintiff's Application WITHOUT PREJUDICE and DISMISS the Complaint with leave to amend.[1]

---

[1] Within fourteen days after a party is served with the Findings and Recommendation, pursuant to 28 U.S.C. § 636(b)(1), a party may file written objections in the United States District Court.  A party must file any objections

DISCUSSION

I. The Court RECOMMENDS the District Court DENY Plaintiff's Application WITHOUT PREJUDICE

On September 26, 2022, Plaintiff filed a Complaint against Defendants Corazon Agarpao (Agarpao), State Farm Claim Automobile Insurance Company (State Farm), Island Automobile Insurance Company (Island Automobile), and Bank of Hawaii seeking damages for injuries he suffered as a result of a car accident that occurred at or near a Bank of Hawaii branch in Waipahu. See ECF No. 1. Plaintiff also filed an Application seeking to proceed without prepaying fees or costs. See ECF No. 3.

Federal courts may authorize the commencement of any suit without the prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees pursuant to 28 U.S.C. § 1915(a)(1). "[A]n affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. Du Pont de Nemours & Co., Inc., 335 U.S. 331, 339 (1948) (citation and alteration omitted); see also United States v. McQuade, 647 F.2d 938, 940 (9th Cir. 1981) (noting the affidavit in support of a request to proceed in forma pauperis must "state the facts as to affiant's poverty with some

---

within the fourteen-day period to preserve appellate review of the Findings and Recommendation.

particularity, definiteness and certainty") (citation omitted).  In determining whether to grant an application to proceed without prepayment of fees, the Court is guided by whether the applicant's yearly income surpasses the poverty guideline.

Plaintiff's Application states that he earns $1,250 bi-weekly in take home pay for Securitas Security Services, although identifies Securitas as his former employer.  See ECF No. 3 at 1.  Assuming 26 pay periods in a year based on bi-weekly payments, see, e.g., Taylor v. United Rd. Servs., Inc., 313 F. Supp. 3d 1161, 1178 n.6 (E.D. Cal. 2018), this would result in yearly take-home pay of $32,500.  With regard to other assets, Plaintiff indicates he has $100 in cash or in a checking or savings account and that his vehicle (involved in the accident) has an estimated value of $2,500.  See id. at 2.

Plaintiff's total expenses are unclear to the Court.  Under paragraph 6, regarding regular monthly expenses, Plaintiff appears to list: a housing share of $450; transportation expenses of $45; and doctor's bills and medication for a combined $180.  See id.  There is another monthly expense listed, but the Court is unable to read what it is for and unsure whether the amount listed is $1,200 or $200.  See id.  Plaintiff lists additional debts or financial obligations under paragraph 8 ($450 for a housing share; $110 for phone bills; and $500 in unspecified monthly expenses).  See id.  While Plaintiff indicates that he owes a certain amount of money to his sister, it is unclear to the Court whether all $1,060 of the expenses listed under paragraph 8 are expenses Plaintiff owes to his sister,

and it is also unclear to the Court what is included in the $500 in unspecified monthly expenses listed under paragraph 8. In addition, while Plaintiff identifies his spouse and two sons as dependent on him for support, he fails to indicate how much he contributes to each person's support as required under paragraph 7. See id.

In order to assess Plaintiff's Application, the Court needs clearer information about the amount and nature of Plaintiff's expenses and about the extent to which he supports other individuals. For example, while the Department of Health and Human Services 2022 Poverty Guidelines provide that the poverty guideline for a one-person household in Hawai'i is $15,630, the guideline for a 4-person household is $31,920. See Annual Update of the Health and Human Services Poverty Guidelines, 87 Fed. Reg. 3315 (Jan. 12, 2022), available at: https://aspe.hhs.gov/poverty-guidelines.

The Court therefore RECOMMENDS that the District Court DENY Plaintiff's Application WITHOUT PREJUDICE to Plaintiff filing a renewed application that clearly sets out the nature and amount of his monthly expenses in a way that is legible to the Court and clearly indicates to what extent he supports his spouse and sons.

    **II.**    **The Court RECOMMENDS the District Court DISMISS the Complaint with Leave to Amend**

A court may also deny leave to proceed in forma pauperis at the outset and dismiss the complaint if it appears from the face of the proposed complaint that the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B); Minetti v. Port of Seattle, 152 F.3d 1113, 1115 (9th Cir. 1998). A "frivolous" case is one that lacks an arguable basis either in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). Similarly, a complaint fails to state a claim, and therefore should be dismissed, when viewing the allegations as true and in the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007); see also Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Additionally, the Court has an obligation to investigate whether it has subject matter jurisdiction, and lack of subject matter jurisdiction may be raised by the Court at any time. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 966-67 (9th Cir. 2004). In order for Plaintiff's claims to be in federal court, the Court must have either (1) federal question jurisdiction under 28 U.S.C. § 1331, or (2) diversity jurisdiction under 28 U.S.C. § 1332.

Applying these standards to the present case, even while construing Plaintiff's Complaint liberally, Bernhardt v. Los Angeles County, 339 F.3d 920, 925 (9th Cir. 2003); Jackson v. Carey, 353 F.3d 750, 757 (9th Cir. 2003), the Court finds that it must be dismissed.

### A. Federal Claims

Plaintiff attempts to establish jurisdiction by asserting a claim against a state or local official under 42 U.S.C. § 1983 or against a federal official pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971). See ECF No. 1 at 4.[2] Plaintiff names as Defendants the other driver allegedly at fault (Agarpao), two insurance companies (State Farm and Island Automobile), and the location where the accident occurred (Bank of Hawaii). See id. at 2-3. Even construing the Complaint liberally, none of these Defendants are a state, local, or federal official who were acting under color of state or federal law when they engaged in the conduct Plaintiff complains of here. See id. at 4 (alleging defendants acted under color of state or federal law by "violat[ing] protected activity class negligence failure to exchange information to injured driver"); see also, e.g., West v. Atkins, 487 U.S. 42, 49 (1988) (noting a defendant has acted under color of state law where they have "exercised power

---

[2] Plaintiff used a form complaint (Complaint for Violation of Civil Rights (Non-Prisoner Complaint)). See ECF No. 1 at 1. As discussed, this appears to be a misplaced use of that form in light of the underlying allegations here involving a car accident between two private citizens.

possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law") (citation omitted).[3]

Plaintiff has also failed to allege that these Defendants violated his rights under any federal law or under the Constitution. In the Complaint, Plaintiff contends Defendants violated his rights under "Title VI Violation of Civil Rights Car Crash Victim Retaliatory Act's Cause of Action Negligent Act Cause of Action" as well as "Title VII Violation of Civil Rights Car Crash Victim" and "Title VIII Violation of Civil Rights Car Crash Victim" Id. at 4. However, Plaintiff has failed to plausibly allege a violation of any of those statutes, where he complains that Agarpao was negligent and injured him while both were driving near the entrance of a Bank of Hawaii branch. See id. at 4-7.[4]

---

[3] Plaintiff does reference a police officer that arrived at the scene and informed Plaintiff that he could not complete a police report if most of the accident occurred in the parking lot. See ECF No. 1 at 5. But that officer is not named as a defendant and his conduct does not appear to form the basis for Plaintiff's claims. See id.

[4] Plaintiff has attached numerous exhibits to his Complaint, some of which appear to be labeled as additional complaints. See, e.g., ECF No. 1-2; ECF No. 1-7; ECF No. 1-8. The Court has reviewed these documents, which similarly allege that Defendant Agarpao was negligent in causing a collision, and appear to also attempt to allege breach of contract claims against Island Automobile and State Farm. See id. However, the Court cautions Plaintiff that any amended complaint must contain all of Plaintiff's allegations against any defendant in a single document—not in multiple, separate documents. While Plaintiff may attach exhibits to an amended complaint (e.g., pre-existing insurance or medical records), the allegations that he must include pursuant to Federal Rule of Civil Procedure 8 must be contained in a single document. See Fed. R. Civ. P. 8(a) (requiring a short

7

Plaintiff first invokes Title VI. "To prove Title VI discrimination, a plaintiff must demonstrate that he was 'subjected to discrimination' due to 'race, color, or national origin,' by a 'program or activity receiving Federal financial assistance.'" Yu v. Idaho State Univ., 15 F.4th 1236, 1242 (9th Cir. 2021) (quoting 42 U.S.C. § 2000d). "Private parties seeking judicial enforcement of Title VI's nondiscrimination protections must prove intentional discrimination." Id. Here, the Complaint contains no allegations that any Defendant receives federal financial assistance and engaged in racial discrimination.

Title VII, the second federal statute that Plaintiff invokes, prohibits discrimination based on an individual's "race, color, religion, sex, or national origin" in employment. 42 U.S.C. § 2000e-2. Here, the Complaint contains no allegations regarding an employment relationship with any Defendant, nor any allegations Plaintiff was discriminated against on the basis of a protected status.

The last federal statute cited in the Complaint, Title VIII (also known as the Fair Housing Act), broadly prohibits discrimination on the basis of certain protected classes in the provision of housing. See, e.g., 42 U.S.C. § 3604; United States v. Cal. Mobile Home Park Mgmt. Co., 107 F.3d 1374, 1376 (9th Cir. 1997). Here, the Complaint contains no allegations related to discrimination in the provision of housing.

---

and plain statement of the grounds for the Court's jurisdiction, the claim showing that the plaintiff is entitled to relief, and a demand for the relief sought).

In sum, Plaintiff has failed to state a plausible claim for relief under any of the federal statutes listed that would permit the Court to exercise federal question jurisdiction under 28 U.S.C. § 1331.

### B. State Law Claims

To the extent Plaintiff has plausibly alleged state law claims against any Defendant, the Court may exercise jurisdiction over such claims if diversity jurisdiction exists. See 28 U.S.C. § 1332(a). Subject matter jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332 "requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001) (citing Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996)). In addition to the diversity of citizenship requirement, the amount in controversy must also "exceed[] the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332(a).

Here, Plaintiff has not adequately alleged the citizenship of each Defendant; however, based on the allegations in the Complaint, it appears that complete diversity likely does not exist and thus that the Court also lacks jurisdiction based on diversity. An individual's citizenship is based on their "domicile." See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." Id. Corporations are

citizens of "(1) the state where its principal place of business is located, and (2) the state in which it is incorporated." Johnson v. Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006) (citing 28 U.S.C. § 1332(c)(1)).

Plaintiff's Complaint identifies an address located in Hawai'i for himself, as well as for Defendants Agarpao, Island Automobile, and Bank of Hawaii. See ECF No. 1 at 2-3. For Defendant State Farm, Plaintiff lists an address in Georgia. See id. at 3. Assuming Plaintiff is a citizen of Hawai'i, this Court lacks jurisdiction over any state law claim if any other defendant is also a citizen of Hawai'i. Even if there is diversity of citizenship between Plaintiff and Defendant State Farm, for example, that is not sufficient because there must be complete diversity of citizenship between Plaintiff and *all* Defendants for the Court to exercise jurisdiction on this basis. See Caterpillar Inc., 519 U.S. at 68. Because Plaintiff has failed to sufficiently allege diversity of citizenship and has also failed to clearly allege that the amount in controversy exceeds $75,000, Plaintiff's Complaint must be dismissed.

### C. Leave to Amend

Although the Complaint is deficient, the Court recognizes that "[u]nless it is absolutely clear that no amendment can cure the defect . . . , a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995). Accordingly, the Court RECOMMENDS that the Complaint be

DISMISSED without prejudice and that Plaintiff be given leave to file an amended complaint no later than thirty days from the District Court's adoption of this Findings and Recommendation.

If Plaintiff chooses to file an amended complaint, among other things, he must allege the basis for federal subject matter jurisdiction in this case.  More specifically, Plaintiff must write short, plain statements telling the Court: (1) the specific basis of this Court's jurisdiction; (2) the constitutional, statutory, or legal right(s) he believes were violated; (3) the name of the defendant(s) who violated those right(s) and their citizenship; (4) exactly what each defendant did or failed to do; (5) how the action or inaction of that defendant is connected to the violation of Plaintiff's right(s); and (6) what specific injury he suffered because of a defendant's conduct.  Any amended complaint must be clearly designated as the "First Amended Complaint," must be retyped or rewritten, and may not incorporate any part of the original Complaint by reference.  See Local Rule 10.4.

Finally, in light of the possible misplaced use of a prepared form, the Court RECOMMENDS that the District Court DIRECT the Clerk to send Plaintiff copies of the following forms: "Complaint for a Civil Case"  and "Complaint for a Civil Case Alleging Negligence."  Should Plaintiff choose to use one of the forms mailed to him, he is only allowed to file one of those documents.  While the Court provides the documents for Plaintiff's convenience, it is up to him to decide which, if either, is best to present his claim(s) in this case.

CONCLUSION

In accordance with the foregoing, the Court FINDS AND RECOMMENDS that the District Court:

1) DENY Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs WITHOUT Prejudice to Plaintiff filing a renewed application that addresses the deficiencies identified above;

2) DISMISS Plaintiff's Complaint with leave to file an amended complaint curing the deficiencies identified above no later than thirty days from the District Court's adoption of this Findings and Recommendation;

3) DIRECT the Clerk's Office to provide blank copies of the following forms to Plaintiff: Application to Proceed in District Court Without Prepaying Fees or Costs; Complaint for a Civil Case; and Complaint for a Civil Case Alleging Negligence;

4) REFER the screening of any amended complaint to the undersigned; and

5) CAUTION Plaintiff that failure to file an amended complaint within the time frame specified above will result in the automatic dismissal of this action.

IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAII, OCTOBER 3, 2022.



Wes Reber Porter
United States Magistrate Judge

**DAGATAN V. AGARPAO, ET AL.; CIVIL NO. 22-00422 HG-WRP; FINDINGS AND RECOMMENDATION TO (1) DENY PLAINTIFF'S APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS WITHOUT PREJUDICE AND (2) DISMISS COMPLAINT WITH LEAVE TO AMEND**